HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION,<br><br>Plaintiff,<br><br>v.<br><br>EEL RIVER INVESTMENT COMPANY, et al.,<br><br>Defendants. | Case No. C04-5623 RBL<br><br>ORDER DENYING DEFENDANT SULLIVAN'S MOTION TO DISMISS |

THIS MATTER comes on before the above-entitled Court upon Defendant Michael Sullivan's Motion to Dismiss [Dkt. #58].

Having considered the entirety of the records and file herein, the Court finds and rules as follows:

Plaintiff's Complaint alleges violations of Washington State Securities Act, breach of contract, breach of warranties, negligent misrepresentation, fraud, and seeks to pierce the corporate veil of several of the defendants. In brief, plaintiff, as trustee of certain funds and as the assignee of the rights of the two original investors, is suing Eel River Investment Company ("ERIC"), a Washington corporation, the seller of certain shares, principals and directors of the seller, the seller's law firm, the seller's re-marketing agent, and the sellers of a separate investment wherein plaintiff was directed to deposit the funds from the shares.

Defendant Michael Sullivan is an Arkansas resident who is a director of ERIC and was a Vice President of defendant Sterne Agee & Leech, Inc. He has moved to dismiss plaintiff's complaint as against him for lack of personal jurisdiction. He alleges, by way of a declaration that he has no contacts with the State of

Washington, and the only act he performed as a director of ERIC was to sign documents mailed to him in Arkansas indicating his consent to corporate action.  Plaintiff seeks to impose jurisdiction upon Mr. Sullivan under a director, or controlling authority theory pursuant to RCW 21.20.430(3)[1].  In order for this Court to maintain personal jurisdiction over defendant Sullivan under Washington's long-arm statute, RCW 4.28.185 et. seq., the exercise of such jurisdiction must not offend "'traditional conceptions of fair play and substantial justice' embodied in the Due Process Clause of the Fourteenth Amendment."  *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985), citing *International Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

Exercise of personal jurisdiction over defendant Sullivan under RCW 21.20.430(3) and Washington's long-arm statute requires that (1) the defendant purposely avail himself of the benefits and protection of the forum state's laws by conducting business in the state; (2) the claim arises out of forum related activities; and (3) the exercise of jurisdiction is reasonable.  *Burger King,* 471 U.S. at 475-76.  The defendant bears the burden of demonstrating that the exercise of jurisdiction is unreasonable.  *Id.* at 477.

The Court finds that by voluntarily acting as a director of a Washington corporation, defendant Sullivan has "purposely availed" himself of the benefits and protections of Washington's laws.  Furthermore, defendant Sullivan's actions as director of ERIC in signing documents which approved the issuance of shares gave rise to this lawsuit.  Finally, given the rise of technology (CM/ECF, e-mail, etc.), Washington's interest in policing individuals and entities who incorporate in Washington and interest in protecting investors, the avoidance of piecemeal litigation, and the lack of a viable alternative forum, it is imminently reasonable for this Court to exercise personal jurisdiction over defendant Sullivan.  Therefore, it is hereby

---

[1] RCW 21.20.430(3) provides: Every person who directly or indirectly controls a seller or buyer liable under subsection (1) or (2) above, every partner, officer, director or person who occupies a similar status or performs a similar function of such seller or buyer, every employee of such a seller or buyer who materially aids in the transaction, and every broker-dealer, salesperson, or person exempt under the provisions of RCW 21.20.040 who materially aids in the transaction is also liable jointly and severally with and to the same extent as the seller or buyer, unless such person sustains the burden of proof that he or she did not know, and in the exercise of reasonable care could not have known, of the existence of the facts by reason of which the liability is alleged to exist.  There is contribution as in cases of contract among the several persons so liable.

ORDER
Page - 2

**ORDERED** that Defendant Michael Sullivan's Motion to Dismiss [Dkt. #58] is **DENIED.**

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 19th day of September, 2005.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE