HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

U.S. BANK NATIONAL ASSOCIATION,

Plaintiff,

v.

EEL RIVER INVESTMENT COMPANY, a Washington corporation; et al.,

Defendants.

Case No. C04-5623 RBL

ORDER ON PLAINTIFF'S MOTION TO FILE THIRD AMENDED COMPLAINT

THIS MATTER comes on before the above-entitled Court upon Plaintiff's Motion for Leave to File Third Amended Complaint [Dkt. #176] and upon the Ross Defendants' Motion for Leave to File an Additional Counterclaim to Plaintiff's Second and Third Amended Complaints [Dkt. #179].

Having considered the entirety of the records and file herein, the Court rules as follows:

Plaintiff seeks to file a third amended complaint which adds a new claim for unjust enrichment against Eel River defendants, drops defendant Sterne Agee from the fourth claim, adds new factual allegations in support of previously pleaded claims, and eliminates the eighth, ninth, and tenth claims. Only defendant Sterne Agee opposes the motion and only as to the new factual allegations in paragraphs 23 and 24 of the proposed complaint. The new factual allegations are that various defendants, including Sterne Agee, materially misrepresented that the 2002A shares were equities and not debt or hybrid securities and that the Ross defendants failed to disclose a litigation index with respect to defendant Olsen.

The leave to amend pleadings should be freely granted. Fed. R. Civ. P. 15(a). Sterne Agee argues that the proposed amendment would be futile and would be unduly prejudicial because there has been undue delay in bringing this motion. In order to deny a motion to amend on the grounds of futility, this Court must find that there exists no set of facts which plaintiff could prove in support of its claim. *See, v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988). Sterne Agee in essence asks this Court to rule on scant briefing that as a matter of law that they are entitled to summary judgment on plaintiff's claim of misrepresentation under the Washington State Securities Act. The Court is unwilling to so rule. Sterne Agee also argues that the amendment should be denied because they are unduly prejudiced by the delay in seeking the amendment. Because this trial date is almost five months away and the parties have the documents which support the proposed new factual allegations and time to depose the participants if they so chose, the Court finds that there is no undue prejudice to Sterne Agee in allowing the plaintiff to amend its complaint.

The Ross defendants seek to file an additional counterclaim based on plaintiff's amended complaint. Plaintiff does not oppose this motion. Therefore, it is hereby

**ORDERED** that Plaintiff's Motion for Leave to File Third Amended Complaint [Dkt. #176] is **GRANTED**. The plaintiff shall electronically file the amended complaint within ten (10) days of entry of this Order. It is further

**ORDERED** that the Ross Defendants' Motion for Leave to File an Additional Counterclaim [Dkt. #179] is **GRANTED**. The Ross defendants shall electronically file their answer with the additional counterclaim within ten (10) days of entry of this Order.

The Clerk shall send uncertified copies of this order to all counsel of record, and to any party appearing pro se.

Dated this 22nd day of December, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE